**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSUMMIT TUBULAR, LLC and NEW SUMMIT MANUFACTURING, LLC, | Bankruptcy No.: 5:03-AP-50361 |
| Appellants, | |
| v. | |
| WILLIAM G. SCHWAB, | Civil Action No.: 3:05-CV-00981 (Judge Caputo) |
| Appellee. | |

**MEMORANDUM ORDER**

Presently before the Court is Appellants' Pennsummit Tubular and New Summit Manufacturing's Appeal from Bankruptcy Judge John J. Thomas' April 14, 2005 judgment in favor of the Appellee, William G. Schwab.  (Doc. 2-8.)  The Judgment was issued from the bench by the Bankruptcy Court.  Therefore, the transcripts of the proceedings are necessary in order for the Court to review the Bankruptcy Court's decision.

Pursuant to Bankruptcy Rule 8006, "if the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost."  FED. R. BANKR. P. 8006.  The designation of items for the record submitted by Appellant includes the transcript of testimony at trial.  (Doc. 2-1 at 2.)  It does not appear however, that Appellant filed a written request for the transcript and therefore Appellant appears to have violated Rule 8006.  *See* FED. R. BANKR. P. 8006.

Despite the fact that Appellant appears to have violated Rule 8006, the Court will allow Appellant time to file the trial transcript.  Not every violation of a Bankruptcy Rule requires dismissal of an appeal.  *In re Dawley*, No. 04-2140, 2005 U.S. Dist. LEXIS 411,

at *8 (E.D. Pa. Jan. 11, 2005) (citing *In re Comer*, 716 F.2d 168, 177 (3rd Cir. 1983)). Dismissing an appeal due to a procedural violation is a harsh sanction that should be imposed rarely. *In re SB Properties, Inc.*, 185 B.R. 198, 201 (Bankr. E.D. Pa. 1995). Further, there is no evidence of bad faith on the part of Appellant, or prejudice to Appellee by Appellant's failure to request the transcripts, that would warrant a dismissal of the appeal. *See Comer*, 716 F.2d at 177.

The Court may suspend the requirements of Rule 8006 "in the interest of expediting decisions or for other good cause." FED. R. BANKR. P. 8019; *In re Beck-Rumbaugh Assocs. Inc.*, 80 B.R. 306, 307 (Bankr. E.D. Pa. 1987). Because the transcripts are essential to the Court's review and there is no evidence of bad faith by the Appellant or prejudice to Appellee, **NOW**, this 10th day of July, 2006, **IT IS HEREBY ORDERED THAT** Appellant file the trial transcripts within thirty (30) days or the appeal will be dismissed.

> s/ A. Richard Caputo
> A. Richard Caputo
> United States District Judge